UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA NELSON,

                  Plaintiff,

v.

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

                  Defendant.

_____/

Case No. 19-cv-12964

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## OPINION AND ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 20); (2) ADOPTING MAGISTRATE JUDGE R. STEVEN WHALEN'S NOVEMBER 17, 2020 REPORT AND RECOMMENDATION (ECF NO. 19); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12); (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17); AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER

On November 17, 2020, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("Report") to deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the final decision of the Commissioner to deny Plaintiff's application for Supplemental Security Income ("SSI") Benefits. (ECF No. 19, Report.) On November 28, 2020, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 20, Pl's Obj.) Defendant filed a Response to Plaintiff's Objections on December 10, 2020. (ECF No. 21, Def.'s Resp.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections (ECF No. 20), ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 19), GRANTS Defendant's Motion for Summary Judgment (ECF No. 17), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 12), and AFFIRMS the findings of the Commissioner.

## I.    BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation and the Court incorporates those factual recitations here. (Report, PgID 608-17 (citing ECF No. 10, Transcript of Social Security Proceedings *passim* (hereinafter "Tr. ___").) The record evidence will be discussed in this Opinion and Order only as necessary to the Court's resolution of Plaintiff's Objections. The following summary contains an overview of Plaintiff's disability claim.

Plaintiff applied for supplemental security income ("SSI") benefits on December 16, 2016, alleging disability as of December 11, 2014. (Tr. 243.)[1] On May

---

[1] Plaintiff's alleged onset date was subsequently amended to May 28, 2016, Plaintiff's 55th birthday. (Tr. 35.)

7, 2018, Plaintiff appeared for and testified at a hearing before Administrative Law Judge ("ALJ") Patricia McKay. (Tr. 44-69.) Plaintiff was represented by attorney Clifford Walkon at the hearing. (*Id.*) On September 25, 2018, the ALJ issued an unfavorable decision on Plaintiff's claims. (Tr. 10-20.)

The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, degenerative disc disease of the cervical spine, degenerative joint disease of the left knee with a history of crepitus, degenerative joint disease of the right foot with a history of open reduction and internal fixation, right ankle tenosynovitis of the peroneal and posterior tibial tendon, history of obesity, right ankle fracture, and a history of hypertension. (Tr. 13-14.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (*Id.*) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform a reduced range of sedentary work with the following additional limitations:

> [S]he can occasionally climb stairs, crouch, crawl, kneel, stoop, and bend. She can have no exposure to workplace hazards such as dangerous, moving machinery and unprotected heights; accordingly, the claimant can never climb ladders, ropes, or scaffolds. She can frequently reach in all directions with the dominant right upper extremity; provided, however, that she can only occasionally reach overhead with that extremity.

(Tr. 15.) At Step Four, the ALJ found that Plaintiff was capable of performing her past relevant work as an appointment clerk, and that she therefore has not been under a disability since June 16, 2016, the date the application was filed.  (Tr. 19-20, 76.)

Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on August 22, 2019.  (Tr. 1-3.)

On October 9, 2019, Plaintiff commenced this action. (ECF No. 1.) The parties filed cross motions for summary judgment. (ECF No. 12, Pl's Mot.; ECF No. 17, Def.'s Mot.) Plaintiff also filed a reply brief.  (ECF No. 18, Pl.'s Reply.) Plaintiff argued that the ALJ's RFC did not account for all of her limitations, and that the ALJ improperly discounted the opinion of her treating doctor and substituted her own "medical judgment" in place of the record evidence. (Pl.'s Mot.)

In the November 17, 2020 Report and Recommendation on the cross motions, the Magistrate Judge recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the Commissioner's decision. (Report.) The Magistrate Judge found that the ALJ's decision was supported by substantial evidence. (*Id.*)

On November 28, 2020, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Pl.'s Obj.) Defendant filed its response to the objection on December 10, 2020. (Def.'s Resp.)

4

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec*., No. 14-11705,

2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow

its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative

7

record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III.   ANALYSIS

Plaintiff failed to label her objections as directed in the Report and Recommendation. (Report, PgID 627.) However, it appears that she asserts two objections to the Report and Recommendation: (1) that the Magistrate Judge erred in finding that the ALJ's RFC adequately accounted for Plaintiff's cervical spine condition and thus incorrectly determined that the ALJ provided a logical bridge between the evidence and the RFC for sedentary work; and (2) that the Magistrate Judge erred in considering the treating physician's opinion. (Pl.'s Obj. PgID 632-35.)

### A. Objection No. 1

Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's RFC adequately addressed limitations related to Plaintiff's cervical spine condition. (Pl.'s

8

Obj. PgID 632.) Plaintiff asserts that the ALJ failed to adopt the opinion of her treating physician as to restrictions in her ability to look up or down or turn her head, and contends that while the Magistrate Judge correctly stated that the RFC need not be based on, or "match," any specific medical opinion, he incorrectly determined that the ALJ "provided a logical bridge between the evidence and the RFC for sedentary work." (Pl.'s Obj. PgID 634-35.)

This is simply a reassertion of arguments Plaintiff made in her motion for summary judgment and in her reply brief. (See Pl.'s Mot., PgID 556-58; Pl.'s Reply, PgID 599-602.) District courts in this Circuit have held that a court is not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation. *See Sanders v. Saul*, No. 19-12475, 2020 WL 5761025, at *2 (E.D. Mich. Sept. 25, 2020) (citing *Markgraff v. Comm'r of Soc. Sec.*, No. 17-10511, 2018 WL 654838, at *2 (E.D. Mich. Jan. 31, 2018) ("Plaintiff's Objection includes arguments drawn almost in their entirety from his motion for summary judgment. They merely rehash the same arguments presented to the Magistrate Judge. The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.")).

The Magistrate Judge properly noted that substantial evidence supports the ALJ's RFC determination, including limitations related to Plaintiff's cervical spine

condition. As the Magistrate Judge correctly observed, the ALJ recognized that Plaintiff's cervical spine issues were "severe," but the ultimate question is what Plaintiff's functional abilities are in light of those impairments. The Magistrate Judge noted that the ALJ considered and discussed numerous medical records relating to Plaintiff's cervical spine condition in assessing Plaintiff's RFC. The ALJ considered and discussed the December 2015 imaging studies of Plaintiff's cervical spine showing moderate to severe degenerative changes, and the July 2016 disability opinion of Plaintiff's treating physician, Dr. Dawn Foster, stating that Plaintiff was unable to reach overhead or turn her neck. The ALJ also considered and discussed September and October 2016 records showing reports of pain but a normal neurological examination, and the November 2016 notes by the consultative examiner, Dr. Hassan Amhaz, that Plaintiff was able to sit comfortably for the duration of the consultative examination "without pain-mitigating movements" and that she demonstrated a full range of motion and strength in all extremities. (Report, PgID 620, citing Tr. at 15, 17, 440-41.) In the end, the Magistrate Judge concluded that, "[n]otwithstanding Dr. Foster's July, 2016 ... opinion ... that Plaintiff was unable to reach overhead or turn her neck (Tr. 372-373), treatment records created during the relevant period do not document chronic upper extremity range of motion limitations." (*Id.* PgID 620-21.)

The Magistrate Judge found that the RFC reflects limitations related to Plaintiff's cervical spine condition by restricting Plaintiff to lifting a maximum of 10 pounds and only occasional overhead reaching with the right extremity, crouching, crawling, kneeling, stooping, and bending, and that this RFC finding is supported by substantial evidence, including strength testing in November 2016 that showed full strength in all extremities and a normal range of motion, and treatment records created during the relevant period that do not document chronic upper extremity range of motion limitations. (*Id.* PgID 620-21, 625, citing Tr. 15, 441.) The Magistrate Judge recognized that the RFC for a reduced range of sedentary work fell somewhere between the consultative examiner's November 2016 opinion that Plaintiff could perform light work and Dr. Foster's July 2016 opinion that Plaintiff had extreme, disabling limitations, and found that the ALJ's decision was well within the "zone of choice" accorded to the fact-finder at the administrative hearing level. (*Id.* PgID 625, citing Tr. 17-20.) *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts.")

Plaintiff has failed to demonstrate any specific error in this analysis. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) ("If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision,

'even if there is substantial evidence in the record that would have supported an opposite conclusion."). Accordingly, this Objection is DENIED.

### B. Objection No. 2

Plaintiff's second Objection is that the Magistrate Judge "erred in detailing the procedure to be used to evaluate the opinion of a treating physician." (Pl.'s Obj. PgID 633.) Specifically, Plaintiff contends that the Magistrate Judge "erred in stating that in considering the treating physician's opinion, the ALJ must consider the six factors set forth in 20 C.F.R. 404.1527(c) (and 416.927(c))," because "[c]onsideration of the six factors comes into play only if the ALJ has failed to grant controlling weight to the opinion of the treating physician." (*Id.*)

However, there is no error as the Magistrate Judge discussed the two conditions that must be satisfied when deciding whether a treating physician's opinion should be given controlling weight. The Magistrate Judge noted that the ALJ accorded only partial weight to Dr. Foster's July 2016 opinion, and properly stated that "the opinion of a treating physician should be given controlling weight if 'well-supported by medically acceptable clinical and laboratory diagnostic techniques,' and 'not inconsistent with the other substantial evidence.'" (Report, PgID 622-23.) The Magistrate Judge then listed the factors that should be considered when, as here, the opinion is not entitled to controlling weight. (*Id.*) Consideration of those factors – "namely, the length of the treatment relationship and the frequency of examination,

the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," – provides the "mandatory procedural protection" required when an ALJ does not give a treating source opinion controlling weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). However, the ALJ need not necessarily address each of these factors in order to provide the procedural safeguards required. *See Webb v. Comm'r of Soc. Sec.*, No. 16-10015, 2017 WL 1164708, at *7 (E.D. Mich. March 29, 2017) ("[T]here is no *per se* rule that requires a written articulation of each of the six regulatory or "*Wilson* factors" listed in 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x. 216, 222 (6th Cir. 2010)).

The Magistrate Judge properly found that the ALJ considered the appropriate regulatory factors in weighing Dr. Foster's findings. (Report, PgID 623-24, citing Tr. 18-19.) The ALJ noted that Dr. Foster was Plaintiff's primary care provider who treated Plaintiff beginning in April 2015 and continuing, but that Dr. Foster's "exertional, postural, and manipulative limitations" were "not congruent" with the record as a whole. (*Id.*) In support of this, the ALJ noted that Plaintiff's conditions have been "amenable to conservative treatment," she had failed to attend physical therapy and declined to follow the a treater's recommendations, and the lack of treatment in the recent past, "which suggests Plaintiff's impairments are manageable

13

for her." (*Id.* citing Tr. 16, 19.) *See Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 808-09 (6th Cir. 2012) (ALJ validly considered the claimant's routine and conservative treatment in discounting a treating physician's opinion). Further, Dr. Foster's findings were found to be somewhat speculative and "at odds" with Dr. Amhaz's findings, which included a full range of motion, full strength, and the ability to sit without discomfort. (Report, PgID 624, citing Tr. at 19.) The ALJ was permitted to rely on the state agency consultant's opinions. *See Reeves v. Comm'r of Soc Sec.*, 618 F. App'x 267, 274 (6th Cir. 2015) ("Generally, an ALJ is permitted to rely on State agency physician's opinions to the same extent as she may rely on opinions from other sources. 20 C.F.R. § 1527. Thus, an ALJ may provide greater weight to a state agency physician's opinion when the physician's finding and rationale are supported by evidence in the record.").

The Magistrate Judge properly found that the ALJ's opinion was well-supported and articulated. Read as a whole, the ALJ's decision met the procedural safeguards of the treating physician rule. Plaintiff has failed to demonstrate that the Magistrate Judge erred in concluding that the ALJ's decision is supported by substantial evidence, and Plaintiff's objection is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 20);

(2) ADOPTS Magistrate Judge Whalen's November 17, 2020 Report and Recommendation (ECF No. 19);

(3) GRANTS the Commissioner's Motion for Summary Judgment (ECF No. 17);

(4) DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 12); and

(5) AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.

Dated: February 23, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge

15